UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re CAROLYNN COMSTOCK,

Petitioner,

v.

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON,

Respondent.

Real Parties in Interest: Julie Postma, Kathleen Demaria, Karl Reinke, Erica Knauf Santos, and others as reflected in the underlying docket.

<u>EMERGENCY MOTION UNDER CIRCUIT RULE 27-3</u>

PETITION FOR AN EMERGENCY WRIT OF MANDAMUS

*** IMMEDIATE 72-HOUR INTRA-CIRCUIT DUTY REQUIRED UPON RECEIPT ***

RELIEF IS SOUGHT WITHIN 72 HOURS OF THE CLERK'S RECEIPT

DUE TO IMMINENT RISK OF PERMANENT PHYSICAL INJURY AND MEDICAL NEGLECT OF A MINOR CHILD (R.R.)

Petitioner Carolynn Comstock, pro se, respectfully petitions this Court for an emergency writ of mandamus pursuant to 28 U.S.C. § 1651, Federal Rule of Appellate Procedure 21, and Ninth Circuit Rules 21 and 27-3. This petition arises from the United States District Court for the Western District of Washington, Case No. 2:26-cv-01957-LK (Judge Lauren King). It is accompanied by the required Circuit Rule 27-3 Certificate (Form 16) and voluminous supporting exhibits documenting the minor child's condition.

1

## ARGUMENT

## ISSUE ONE:

The District Court Transgressed Absolute Jurisdictional Boundaries by Issuing Merits Rulings While Leaving the In Forma Pauperis (IFP) Application Unadjudicated

The record establishes that on June 16, 2026, Petitioner filed an In Forma Pauperis (IFP) application (Dkt. #25). On June 18, 2026, the District Court issued a Minute Order (Dkt. #33) that mass-struck Petitioner's Counterclaim (Dkt. #24), her Emergency Motion to Compel Default (Dkt. #30), and explicitly marked the threshold IFP application itself as *STRICKEN*.

This is a structural error that strips the District Court of the lawful authority to act:

- **The Jurisdictional Paradox: Under 28 U.S.C. § 1915,** a federal court must formally grant or deny an indigent litigant's IFP application to establish the operational framework of its own fee-based or waived jurisdiction.

- **Void Ab Initio:** By striking the IFP application instead of executing a clear statutory ruling, the District Court left Petitioner's financial status in absolute legal limbo.

2

- **The court possessed zero subject-matter jurisdiction to simultaneously purge Petitioner's substantive claims and emergency motions from the active record.**

- **Unconstitutional Pre-Filing Barriers:** Utilizing administrative minute orders to completely erase filings and threaten pre-filing bans without a formal hearing or a detailed, reviewable opinion constitutes an *ultra vires* **act designed to evade appellate review and strip a citizen of their due process right to access the courts.**

## ISSUE TWO:

The Lower Court's Intentional Refusal to Perform the Ministerial Duty of Entering Default Actively Obstructs Mandatory Protections Under the Crime Victims' Rights Act (CVRA)

The District Court and its clerk's office have **repeatedly** failed to execute the **non-discretionary administrative duty to enter default under Federal Rule of Civil Procedure 55(a),** despite the record showing that the defaults of the racketeering predicate actors have remained **ripe, active, and completely uncured since August 2025.**

**This administrative blockage causes direct, irreversible statutory harm:**

3

- **Admission of the Predicate Acts:** Under established federal law, an entry of default legally operationalizes all well-pleaded factual allegations in the complaint as judicially admitted facts. The defendants have legally admitted to operating a continuous pattern of racketeering activity under **18 U.S.C. § 1962(a) and § 1962(b),** explicitly driven by the underlying predicate act of federal kidnapping under **18 U.S.C. § 1201.**

- **Operationalizing the CVRA:** By actively blocking, striking, and refusing to record the entry of default, the **District Court is preventing these judicial admissions from being formalized on the record. This administrative freeze directly blocks the minor child, R.R., from being recognized as a victim of an active federal crime under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771.**

- **Irreparable Harm to the Minor Victim:** The refusal to enter default directly deprives the minor child of his absolute statutory rights under **18 U.S.C. § 3771(a),** including the right to be reasonably protected from the accused, the right to timely and expedited proceedings, and the right to immediate restitution. This procedural shield leaves a **12-year-old minor trapped in conditions of extreme medical neglect, experiencing untreated PTSD, Depression, Anxiety, Suicidal Ideation, Self-Harm, ARFID (A Trauma-Based Eating Disorder) and now uncontrolled nerve**

4

pain from an unaddressed orbital concussion, advanced Horner's syndrome, and facing the imminent risk of a limb amputation.

ISSUE THREE:

AGGRAVATED HISTORY OF PROCEDURAL REJECTION AND BOILERPLATE OBSTRUCTION IN THE WESTERN DISTRICT OF WASHINGTON

The systemic administrative and judicial blockade of Petitioner's portable federal defaults is not an isolated event. It represents an ongoing, coordinated pattern of structural obstruction across multiple divisions and judges within the Western District of Washington, designed to insulate defaulting racketeering actors and systematically deny statutory protections to minor victim R.R.

**1. The Erroneous Administrative Blockade by Judge Richard A. Jones (Case No. 2:26-cv-01307-RAJ)**

*Prior to the current jurisdictional paradox engineered by Judge Lauren King,* Petitioner sought to formalize the identical, long-standing portable federal defaults in front of *U.S. District Judge Richard A. Jones.*

**On April 20, 2026, Petitioner filed a comprehensive, 26-page motion detailing the absolute portability of the defaults,** which had been cemented and transferred from the originating federal proceedings in the Northern District of Texas.

5

*As Petitioner is the successor in interest of these defaults and looking at imminent, medically supported death by suicide or permanent maiming of her 12 year old grandson, <u>she has no choice but to continue to petition the court to do the bare minimum of required Federal Procedure.</u>*

<u>The response from the court was an immediate, administrative rejection:</u>

- **The Counter-Factual Denial: On April 21, 2026,** the **Deputy Clerk, acting under the authority of Judge Jones**, issued a one-page boilerplate denial order. The clerk flatly asserted that there was *"no evidence in the record that the Summons and Complaint have been properly served pursuant to Federal Rule of Civil Procedure 4."*

- **Ignoring the Transferred Record: This administrative denial was factually and legally inaccurate.** The clerk completely ignored the 26 pages of historical entries, the pre-existing perfected service records from the originating Texas district, and the reality that a portable federal default carries its established jurisdictional status with it upon transfer.

- **The Structural Trap:** By reducing a massive, detailed record of federal defaults to an automated, unreviewable one-page form rejection, the clerk's office used a *narrow, context-blind reading of Rule 4 to block the mandatory entry of default under FRCP 55(a). This administrative*

6

*roadblock effectively shielded the defendants from the legal consequences of their non-appearance.*

2. The Multi-Judge Aggravation and the Escalating Abuse of Discretion

The pattern of obstruction worsened exponentially when the litigation shifted to **Judge Lauren King in Case No. 2:26-cv-01957-LK.**

Rather than correcting the clerical errors of the prior docket, the Western District of Washington escalated its tactics from *administrative avoidance to complete jurisdictional abdication:*

- **From Erroneous Rejection to Total Striking:** While *Judge Jones's division used an inaccurate boilerplate order to deny the default application,* **Judge King bypassed the legal requirement of issuing a reviewable order entirely.** On June 18, 2026, *Judge King mass-struck the entire file, including the threshold In Forma Pauperis (IFP) application, wiping the motions from the active record without a single hearing.*

- **The Pattern of Evasion:** This progression demonstrates a clear, systemic pattern within the Western District of Washington. Whether through the **clerk's office issuing flatly inaccurate service denials under Judge Jones,** or a **district judge executing void,** *sua sponte* **administrative strikes**

7

under Judge King, the court has consistently refused to perform its mandatory, non-discretionary ministerial duties under FRCP 55(a).

### 3. Direct Obstruction of the Crime Victims' Rights Act (CVRA)

This historical pattern of behavior is not merely a hyper-technical failure of local formatting rules; it is an active, ongoing obstruction of a minor child's physical safety.

Because both divisions of the Western District of Washington have spent months using **false service premises or void administrative strikes** to block the entry of default, they have effectively **immunized the child's father, Karl Reinke, a federally defaulted racketeering actor, from facing judicial accountability.**

By continuously freezing the docket, this court has intentionally prevented the operationalization of the **Crime Victims' Rights Act (18 U.S.C. § 3771)**, directly leaving a **12-year-old minor in a state of ongoing, severe medical neglect, extreme nerve pain, and facing an active risk of limb amputation. The administrative machinery of the Western District of Washington is being actively deployed to run down the clock on a child's physical survival.**

8

## PRAYER FOR RELIEF

Petitioner respectfully requests that this Court immediately issue a Writ of Mandamus directing the United States District Court for the Western District of Washington to:

1. **Vacate the void Minute Order** striking Petitioner's filings and reinstate the docket immediately.

2. **Adjudicate the pending In Forma Pauperis** application as a mandatory threshold requirement.

3. **Order the Clerk of the Court** to execute its mandatory, ministerial duty to enter the federal defaults against the non-appearing defendants, *before Judge King can dismiss Counterclaimant for another falsified issue.* The **Defaults of Predicate RICO ACTORS mandate the due process denied:** the adjudication of the Racketeering Counterclaim, *housing the two ripe 10 month old Predicate defaults,* brought by Counterclaimant on its merits.

4. **Order an immediate expedited hearing** under the Crime Victims' Rights Act to secure the physical safety and immediate return of the minor child.

*All supporting documentation and evidence including that of the minor child's ongoing harm and any other required is set forth in the accompanying exhibits <u>(to be uploaded electronically upon docketing for judicial efficiency).</u>*

Petitioner declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Carolynn Comstock*

Carolynn Comstock, Petitioner (Pro Se)

2507 Bryce Court

Anacortes, WA 98221

Phone: (360) 299-3809

Email: carolynncomstock@gmail.com

Date: June 20, 2026

**CERTIFICATE OF SERVICE:**

On Saturday, June 20th 2026, by EC/CMF, I notified all counsel and unrepresented parties of record in 2:26-cv-01957-LK, including Martin Burns (counsel for Plaintiffs Julie Postma and Kathleen Demaria) and Brian C. Kipnis (counsel for Third Party Defendants) and notified the real parties in interest Karl Reinke and

Erica Knauf Santos (Alter Ego of Knauf Santos Law PLLC) through appropriate channels under Washington state law section 5.

*Carolynn Comstock*

Carolynn Comstock, Petitioner (Pro Se)

## CERTIFICATE OF COMPLIANCE

I certify that this petition complies with the type-volume limitations of Circuit Rule 21-2(c) and Federal Rule of Appellate Procedure 32 because it contains approximately 1417 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

# CAROLYNN COMSTOCK
Petitioner, Pro Se
2507 Bryce Court
Anacortes, Washington 98221
Telephone: (360) 299-3609 | Email: carolynncomstock@gmail.com

---

June 20, 2026

**Clerk of the Court**
United States Court of Appeals for the Ninth Circuit
Office of the Clerk
P.O. Box 193939

San Francisco, CA 94119-3939

**Re:** In re CAROLYNN COMSTOCK, Petitioner

> v. United States District Court for the Western District of Washington, Respondent
> Petition for Emergency Writ of Mandamus under Circuit Rule 27-3
> *(9th Cir. Case No. TBD; W.D. Wash. Case No. 2:26-cv-01957-LK)*

Dear Clerk of the Court:

Please accept for immediate filing the enclosed Emergency Motion Under Circuit Rule 27-3 and Petition for an Emergency Writ of Mandamus, together with the required Circuit Rule 27-3 Certificate (Form 16). This petition is submitted pursuant to 28 U.S.C. § 1651, Federal Rule of Appellate Procedure 21, and Ninth Circuit Rules 21 and 27-3, seeking relief within 72 hours due to the imminent risk of permanent physical injury and medical neglect of minor child R.R.

The enclosed packet contains each document submitted in triplicate (three complete sets) for the Court's convenience:

**1.** Three (3) copies of the Petition for an Emergency Writ of Mandamus (11 pages each), including the full caption, Issues One through Three (jurisdictional error regarding the unadjudicated IFP application, obstruction of mandatory default entry under FRCP 55(a) and the Crime Victims' Rights Act, and the aggravated history of procedural rejection across divisions of the Western District of Washington), Prayer for Relief, verification, and Certificate of Service.

**2.** Three (3) copies of the Circuit Rule 27-3 Certificate for Emergency Motion (Form 16) (5 pages each), detailing the specific relief requested, the statutory deadline under 18 U.S.C. § 3771(d)(3), the irreparable harm to the minor child, the reason this could not have been filed earlier, prior district court requests, and certification of notice to all counsel and unrepresented parties.

The supporting medical documentation and docket exhibits referenced throughout the Petition—documenting the minor child's severe, ongoing conditions including untreated PTSD, Depression, Anxiety, Suicidal Ideation, Self-Harm, ARFID (trauma-based eating disorder), uncontrolled nerve pain from an unaddressed orbital concussion and advanced Horner's syndrome, and the imminent risk of limb amputation—are extremely voluminous, exceeding 150 pages. Submitting these materials in triplicate would result in over 450 pages of additional exhibits, which would be unduly burdensome to the Court and contrary to principles of judicial economy.

For judicial economy and to ensure the Court receives these critical materials without delay or unnecessary paper volume, Petitioner Carolynn Comstock respectfully requests that the Court assign a case number to this

emergency petition at the earliest possible time. The Petitioner maintains an active and usable PACER account associated with the underlying district court proceedings. Upon assignment of the Ninth Circuit case number, the Petitioner will immediately upload the complete medical documentation, docket exhibits, and all supporting evidence electronically via the Court's CM/ECF system linked to her PACER account. This approach is expressly contemplated in the Petition, which states that all supporting documentation and evidence of the minor child's ongoing harm is set forth in the accompanying exhibits (to be uploaded electronically upon docketing for judicial efficiency).

The Petitioner previously provided advance notification of this filing, including the case caption and mailing/tracking details, to the Court's Emergency Motions unit at emergency@ca9.uscourts.gov on June 20, 2026, in full compliance with Circuit Rule 27-3.

Thank you for your prompt attention to this urgent matter affecting the statutory rights and physical safety of a minor child.

Respectfully submitted,

*Carolynn Comstock*

/s/ Carolynn Comstock
**Carolynn Comstock**
Petitioner, Pro Se
2507 Bryce Court
Anacortes, WA 98221
(360) 299-3609
carolynncomstock@gmail.com

**Enclosures (in triplicate):**

- Petition for Emergency Writ of Mandamus (11 pages)
- Circuit Rule 27-3 Certificate (Form 16) (5 pages)

---

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Executed on June 20, 2026, at Anacortes, Washington.

/s/ Carolynn Comstock
Carolynn Comstock, Petitioner (Pro Se)       *Carolynn Comstock*

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re CAROLYNN COMSTOCK,

Petitioner.

CIRCUIT RULE 27-3 CERTIFICATE FOR EMERGENCY MOTION

(Form 16)

**9th Cir. Case Number(s):** TBD

**Case Name:** In re Carolynn Comstock – Petition for Emergency Writ of Mandamus Pursuant to 18 U.S.C. § 3771(d)(3) (from U.S. District Court for the Western District of Washington, Case No. 2:26-cv-01957-LK)

**Relief Requested in the Emergency Motion:**

Issuance of a Writ of Mandamus directing the U.S. District Court for the Western District of Washington (Judge Lauren King) to:

(1) Vacate the void June 18, 2026 Minute Order (Dkt. 33) striking Petitioner's filings;

(2) Reinstate the docket and adjudicate the pending In Forma Pauperis application (Dkt. 25);

1

(3) **Order the Clerk to execute its mandatory ministerial duty under FRCP 55(a)** to enter defaults against non-appearing RICO predicate actors (including Karl Reinke); before Judge King exercises another "striking" with direct threats and;

(4) Schedule an immediate expedited hearing under the Crime Victims' Rights Act **(CVRA), 18 U.S.C. § 3771,** to protect the minor child R.R. from imminent permanent physical harm up to and **including death and permanent maiming** from Defaulted Party Reinke's documented medical neglect.

## Date by Which Relief is Needed:

**Within 72 hours** of the Clerk's receipt of this Petition, pursuant to the statutory mandate of **18 U.S.C. § 3771(d)(3).**

## What Will Happen if Relief is Not Granted Within the Requested Time:

The minor child R.R. (Petitioner's 12-year-old grandson) faces imminent, irreparable harm including permanent physical injury (risk of limb amputation), uncontrolled nerve pain from untreated orbital concussion and advanced Horner's syndrome, added to diagnosed severe PTSD, depression, anxiety, suicidal ideation, self-harm, and ARFID (trauma-based eating disorder). Medical documentation will prove that these diagnoses are not genetic. They are not accidental. They are both

2

predictable and preventable, and all stem directly from Defaulted Party Karl Reinke's severe years-long history of Gross Medical Neglect.

The child remains in the custody/control of a federally defaulted RICO predicate actor (his father, Karl Reinke) amid said ongoing severe medical neglect. The District Court's systemic refusal to enter defaults and its June 18, 2026 mass-striking order (Dkt. 33) have completely blocked CVRA protections and left the child with no other adequate judicial remedy.

**Reason Why This Motion Could Not Have Been Filed Earlier:**

The emergency crystallized on June 18, 2026, when Judge Lauren King issued Minute Order Dkt. 33 striking Petitioner's Counterclaim, Emergency Motion to Compel Default (Dkt. 30), IFP application (Dkt. 25), and numerous other filings as "procedurally improper and frivolous," while threatening revocation of e-filing privileges and further sanctions. This followed a documented pattern of obstruction in the same district, including the April 21, 2026 Clerk's Order in Case No. 2:26-cv-01307-RAJ denying default motions against Karl Reinke and Knauf Santos Law PLLC despite perfected service and portable federal defaults.

**Was Relief Requested in the District Court or Other Lower Court?**

3

Yes. Petitioner has repeatedly and exhaustively sought entry of defaults, adjudication of the IFP application, and CVRA protections in both the current case (2:26-cv-01957-LK) and the prior related case (2:26-cv-01307-RAJ). All such efforts were denied or stricken (see Dkt. 14 in prior case; Dkts. 10, 13, 19, 23, 24, 25, 30, etc., stricken by Dkt. 33 in current case). The District Court has refused to perform its non-discretionary ministerial duties under FRCP 55(a).

**Were 9th Circuit Court Staff Notified via Voicemail or Email About This Filing?**

Yes, on Friday, June 20th, I notified the 9th Circuit with this document's mailing and tracking number and the case caption via the emergency@ca9.uscourts.gov

**Notification to All Counsel and Any Unrepresented Party:**

On Friday, June 20th 2026, by EC/CMF, I notified all counsel and unrepresented parties of record in 2:26-cv-01957-LK, including Martin Burns (counsel for Plaintiffs Julie Postma and Kathleen Demaria) and Brian C. Kipnis (counsel for Third Party Defendants). Their positions on this emergency mandamus petition are unknown. Best contact information is set forth in the Certificate of Service accompanying the Petition. Petitioner also notified the real parties in interest Karl Reinke and Erica Knauf Santos (Alter Ego of Knauf Santos Law PLLC) through appropriate channels under Washington state law section 5.

4

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Carolynn Comstock*

Carolynn Comstock, Petitioner (Pro Se)

2507 Bryce Court

Anacortes, WA 98221

Phone: (360) 299-3609

Email: carolynncomstock@gmail.com

Date: June 20, 2026

5



**PRIORITY® MAIL**

UNITED STATES POSTAL SERVICE.    Retail

**P**

US POSTAGE PAID

**$12.90**    Origin: 98221
06/20/26
5403640176-01

**PRIORITY MAIL®**

0 Lb 10.70 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 06/24/26

B939

SHIP TO:

PO BOX 193939
SAN FRANCISCO CA 94119-3939

**USPS TRACKING® #**

9505 5138 2747 6171 4390 67

USPS.COM

Clerk of the Court
United States Court of Appeals
for the Ninth Circuit
Office of the Clerk
P.O. Box 193939
San Francisco, CA 94119-393

**VISIT US AT USPS.COM®**